

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 7 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

THOMAS HENRY, SUCCESSOR          §
ADMINISTRATOR OF THE ESTATE OF   §
LOREE VARDAS,                    §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:11-CV-592-A
                                 §
BANK OF AMERICA, N.A.,           §
                                 §
          Defendant.             §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter
jurisdiction over the above-captioned action.  Even if it were to
have jurisdiction, the court concludes that abstention is
appropriate.  Therefore, the court is ordering the action be
remanded to the state court from which it was removed.

I.

Background

On July 21, 2011, plaintiff, Thomas Henry ("Henry"),
Successor Administrator of the Estate of Loree Vardas, filed this
action in Court Number One of the Probate Court of Tarrant
County, Texas, against defendant, Bank of America, N.A. ("Bank of
America"), in case No. 05-1057-1-B.  Henry served Bank of America
on July 26, 2011.  Bank of America filed an answer on August 15,

2011, and removed the case to this court on August 24, 2011.[1]
Now before the court are Bank of America's notice of removal and
the state court pleadings attached thereto, plaintiff's motion to
remand, Bank of America's response, and plaintiff's reply. For
the reasons set forth below, the court is granting plaintiff's
motion to remand.

The state court petition made the following allegations:
Loree Vardas, decedent, died in December 2004, leaving behind
property designated as her homestead that was subject to a
mortgage lien held by Bank of America. Pl.'s Pet. at 2.
Decedent's mother, Barbara Arbanas ("Arbanas"), was appointed
dependent administrator of the estate. Id. at 2-3. On August 5,
2008, Bank of America executed a Safekeeping Agreement
("Agreement") with Arbanas, regarding a Bank of America account
that would hold the proceeds from the sale of the homestead
property. Pl.'s Pet. at 4, Ex. A. Under the terms of the
Agreement, Bank of America certified to the probate court that it
would not release any funds from the account to Arbanas "or to
any other person except on receipt of a certified copy of an
order of this Court in accordance with section 194 of the Texas
Probate Court." Id. The probate court ordered the sale to

---

[1] The court does not reach plaintiff's argument concerning the timely removal of the action, because the court is remanding the action to the state court on other grounds.

2

proceed on the condition that the proceeds be paid into the account. Pl.'s Pet. at 4; Mot. to Remand, Ex. A-9. After the sale closed, Bank of America was paid in full on its mortgage, and it placed the remaining $464,621.13 into the account. Pl.'s Pet. at 5. Although the probate court never issued any order authorizing the release of any funds from the account, on September 28, 2008, Arbanas--with Bank of America's assistance-- transferred all of the funds to another Bank of America account not subject to a safekeeping agreement. Id. at 5-7. Once she transferred the funds, Arbanas apparently "distributed or wasted virtually all of the assets of the estate." Id. at 10.

Upon its discovery of Arbanas's misconduct, the probate court issued an order on September 9, 2009 that: (1) removed Arbanas as administrator and appointed Henry as successor administrator; (2) imposed a constructive trust and equitable lien on all estate assets and accounts, including funds transferred in violation of the safekeeping agreement; and (3) authorized Henry to "take any and all such actions . . . as may be necessary to determine the whereabouts, take control of, and/or recover assets of the Estate, and any damages sustained by the Estate." Pl.'s Pet., Ex. C at 1-3. In December 2009, the probate court quantified the estate's losses, rendered judgment against Arbanas, without prejudice to Henry's right or duty to

3

pursue other parties responsible for the losses.  Pl.'s Pet., Ex. E.

Henry, as successor administrator, then filed suit against Bank of America in the probate court to recover the estate's assets and damages, alleging claims of breach of contract (in reference to the Agreement), negligence and gross negligence, and violation of the Deceptive Trade Practices Act.  In addition, Henry sought exemplary damages and attorney's fees.  Pl.'s Pet. at 14-15.

Bank of America removed the case based on diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332; § 1441(a).  Henry moved to remand the case to the probate court, arguing that the probate court exception to federal diversity jurisdiction applied in this case.  Bank of America, in response, contended that the exception was inapplicable and federal jurisdiction existed because the case did not concern any matters relating to the administration of the estate.

II.

<u>Analysis</u>

The issue before the court is whether the instant action falls within the probate court exception to the exercise of federal jurisdiction.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to

4

adjudicate a claim.   <u>See</u> <u>Home Builders Ass'n, Inc. v. City of</u>

<u>Madison</u>, 143 F.3d 1006, 1010 (5th Cir. 1998).   Absent

jurisdiction conferred by statute or the Constitution, they lack

the power to adjudicate claims and must dismiss an action if

subject matter jurisdiction is lacking.   <u>Id.</u>

The probate exception stands as a longstanding limitation on

federal jurisdiction.   <u>Marshall v. Marshall</u>, 547 U.S. 293, 298

(2006).   The exception is to be narrowly construed, and in

delineating its scope, the Supreme Court has held:

> [T]he probate exception reserves to state probate
> courts the probate or annulment of a will and the
> administration of a decedent's estate; <u>it also</u>
> <u>precludes federal courts from endeavoring to dispose of</u>
> <u>property that is in the custody of a state probate</u>
> <u>court</u>. But it does not bar federal courts from
> adjudicating matters outside those confines and
> otherwise within federal jurisdiction.

<u>Id.</u> at 311-12 (emphasis added).   In effect, federal courts have

jurisdiction to entertain suits to determine the rights of

creditors, legatees, heirs and other claimants against a

decedent's estate, "so long as the federal court does not

interfere with the probate proceedings." <u>Markham v. Allen</u>, 326

U.S. 490, 494 (1946).   The Supreme Court's express prohibition in

<u>Markham</u>, recently reiterated in <u>Marshall</u>, holds that federal

courts "may not exercise its jurisdiction to disturb or affect

the possession of property in the custody of a state court."   <u>Id.</u>

at 494; <u>Marshall</u>, 574 U.S. at 311; see <u>also</u> <u>Breaux v. Dilsaver</u>,
254 F.3d 533, 537-38 (5th Cir. 2001).

    Accordingly, the court believes that the exercise of
jurisdiction over this case would disturb or affect the
possession of property in the custody of state court.  Such an
exercise of jurisdiction would clearly violate the probate
court's order reserving to itself the power to distribute estate
assets:

> IT IS FURTHER ORDERED that this Order shall and indeed
> does cause and constitute a constructive trust and
> equitable lien on all assets and accounts of the Estate
> of Loree Vardas, and any asset in the name of the
> Estate of Loree Vardas, or any account into which funds
> belonging to the Estate of Loree Vardas were
> transferred . . .

Pl.'s Pet., Ex. C, Sept. 9, 2009 Order of Probate Court.

    As the order's language makes plain, the probate court--
through the imposition of a constructive trust and equitable lien
on all estate assets--has made the instant action an estate
asset.  And, "when one court is exercising <u>in rem</u> jurisdiction
over a <u>res</u>, a second court will not assume <u>in rem</u> jurisdiction
over the same <u>res</u>."  326 U.S. at 311 (citation omitted).  Guided
by that rule, the court declines to exercise <u>in</u> <u>rem</u> jurisdiction
over this claim when the probate court is already exercising <u>in</u>
<u>rem</u> jurisdiction over that same claim.

    Additionally, even if the probate court exception did not

6

bar jurisdiction, the court concludes that abstention is appropriate in this case. Abstention is warranted "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." Co. River Water Conser. Dist. v. U.S., 424 U.S. 800, 814 (1967). This case meets the five-factor test for abstention: "(1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review." Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 272 (5th Cir. 2009) (internal citation omitted). At the heart of plaintiff's claims are questions concerning the scope of Bank of America's duty to protect estate funds from illicit transfers during the probate proceedings. This duty was defined by the Texas Legislature in Section 194 of the Texas Probate Code, and further discussed in the two documents signed by the probate court--the Agreement for safekeeping of estate funds and the subsequent order authorizing the property sale. Given that such weighty state law matters are at stake, and that Texas has created a special forum for "original jurisdiction" of probate proceedings, Tex. Prob. Code

§ 4C, the court believes that abstention is appropriate regardless of whether federal jurisdiction exists.  Accordingly, the court is remanding the action to the state court from which it was removed.

III.

Order

For the reasons given above,

The court ORDERS that the instant action be, and is hereby, remanded to the state court from which it was removed.

SIGNED November 17, 2011.

JOHN McBRYDE
United States District Judge